**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JESUS MANUEL NANEZ,

      Defendant-Appellant.

No. 02-5195
(D.C. No. 01-CR-4-C)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge

In a five-count second superseding indictment filed March 8, 2001, in the United States District Court for the Northern District of Oklahoma, Jesus Manuel Nanez ("Defendant") and 11 others were charged with various drug related offenses. Defendant pled not guilty to those counts in which he was a named defendant. However, pursuant to a plea agreement with the government, Defendant on November 9, 2001, pled guilty to Count 5 of the indictment. Count 5 charged Defendant with the unlawful possession, on

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

February 6, 2001, of methamphetamine in excess of 500 grams with an intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). After hearing, the district court accepted Defendant's change of plea. At that hearing Defendant was represented by his "first attorney." As will be developed, Defendant has had three different attorneys. In that plea agreement, Defendant, *inter alia,* agreed to waive all rights to appeal, "save and except claims of ineffective assistance of counsel." In the course of that hearing, the district court questioned Defendant as follows:

> THE COURT: Mr. Nanez, the statement that you're making says: "I had methamphetamine in my possession I was going to distribute in Tulsa County, this happened 2/6/01, it was over 500 grams of methamphetamine." Is all that correct?
> THE DEFENDANT: Yes, Your Honor.

The case was then referred to the probation department for a presentence report. On January 22, 2002, Defendant's first attorney was suspended from the practice of law for 60 days by the Oklahoma Supreme Court. 48 P.3d 771 (Okla. 2002). The suspension order was not based on, nor did it have any relationship to, counsel's representation of the Defendant in this case. Shortly after his suspension, Defendant's first counsel withdrew from his representation of the Defendant in this proceeding. On February 21, 2002, a second attorney entered his appearance for Defendant and on May 23, 2002, he was allowed to withdraw from the case. On May 28, 2002, a third attorney entered his appearance for Defendant, and thereafter he represented Defendant at his sentencing on November 17, 2002, and now represents Defendant in this appeal.

Counsel objected to portions of the presentence report, and at sentencing urged that the district court make a downward departure based on the doctrine of "sentencing entrapment." The district court rejected counsel's claim of sentencing entrapment and sentenced Defendant to 10 years imprisonment, the statutory mandatory minimum. Defendant later filed a letter with the district court which was deemed to be a notice of appeal.

The only ground raised on appeal is ineffectiveness of Defendant's first attorney, based on the fact that his first counsel failed to raise the "sentencing entrapment" issue during the period of time he was representing Defendant.

"Sentencing entrapment or 'sentence factor manipulation' occurs when a 'defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment.'" *United States v. Staufer,* 38 F.3d 1103, 1106 (9th Cir. 1994). In this connection, this Court spoke as follows:

> Other courts have addressed this issue under the rubric of
> 'sentencing entrapment' or 'sentencing factor manipulation.'
> This court addresses the same concept under the appellation
> of outrageous governmental conduct.

*United States v. Scull*, 321 F.3d 1270, 1276 n.3 (10th Cir. 2003)(Citations omitted).

The background for the "sentencing entrapment" argument in the present case is that at sentencing, Defendant claimed, and so testified, that the government's confidential informant was supposed to leave only one ounce of methamphetamine in Defendant's garage, and then, unbeknownst to Defendant, placed over a pound of methamphetamine

in Defendant's garage, the latter fact forming the basis for Count V of the superseding indictment.[1]  The concept of "sentencing enhancement" was presented to the district court in the instant case at the sentencing hearing as a grounds for a downward departure from the guideline sentence, but not as a defense to the crime charged.  In any event, the district court rejected the suggestion that "sentencing entrapment" warranted a downward departure in Defendant's case.  That ruling is not challenged in this appeal.  Indeed, under the plea agreement, Defendant waived his right of appeal as to all matters "save and except ineffective assistance of counsel."

What counsel does raise in this appeal is that the first attorney's failure to raise the "sentencing entrapment" argument during the period of time he was representing Defendant, in which Defendant, on advice of his first attorney, entered into a plea agreement with the government, constituted "ineffective assistance of counsel."  Present counsel frames the one issue raised in the appeal as follows:

> [Counsel's] failure to learn of or assert the doctrine of sentencing entrapment before he was suspended from the practice of the law constitutes ineffective assistance of counsel requiring a remand for re-sentencing of Nanez.

As a follow up on this particular matter, counsel suggests that if the first attorney had asserted that doctrine "he might have negotiated a much more lenient sentence for

---

[1]In this connection, the record before us indicates that the government had taped conversations between its confidential informant and Defendant in which Defendant ordered a pound of methamphetamine.

Nanez or prepared the way for successor counsel to pursue that doctrine in an orderly manner."

The question of ineffective assistance by Defendant's first attorney was not raised in the district court. The general rule is that ineffective assistance of trial counsel may not be raised on direct appeal, and may only be raised by a post-trial proceeding pursuant to 28 U.S.C. § 2255. So, at the outset, we should first determine whether we have jurisdiction over this appeal, and, if we do not, dismiss the appeal. Counsel argues that the present case comes under an exception to the general rule, and that we do have jurisdiction.

In *United States v. Galloway,* 56 F.3d 1239, 1240 (10th Cir. 1995), we said, *en banc*, that "ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." In connection therewith, we also said, "[a] factual record must be developed in and addressed by the district court in the first instance for effective review." *Id.* However, in that same case, we also said: "in rare instances an ineffectiveness of counsel claim may need no further development prior to review on direct appeal." *Id.* In this regard, it is counsel's suggestion that the present case is one of those "rare instances" and that ineffective assistance by Defendant's first attorney may be raised on direct appeal.

Our study of this matter convinces us that this case is governed by the general rule

and does not come under the "rare instance" exception to the general rule. A "factual record," which is in the first instance "addressed by the district court" will permit an "effective review" of the matter.

We reject, out of hand, counsel's suggestion, as made in his reply brief, that the very fact that Defendant's first attorney was suspended from the practice of law for 60 days by the Oklahoma Supreme Court, and that he did not advise Defendant that he was under investigation by the local bar association, proves, in and of itself, "ineffective assistance of counsel" in the present case, and, for that reason alone, "direct appeal" is proper.

Appeal dismissed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge